# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

In re ) Bankruptcy/Adv. Case No: 09-27464 MER
Podtburg & Sons Dairy, LLC )
) Chapter: 11
)
Debtor(s), )

## NOTICE OF DEFICIENCY, REQUIREMENT TO CURE, AND RECOMMENDATION TO STRIKE FOR FAILURE TO COMPLY WITH FED.R.B.P. 9011(a)

Mark Apelman of Boyle/Apelman PC _____has/have filed the following pleading:

Motion of Gavilon, LLC for Allowance and Payment of Administrative Expense Claim and 202 Notice

The document as filed does not comply with Fed.R.B.P. 1008 or 9011(a) as follows:

- ☐ The petition, lists, schedules, statements or amendments thereto have not been verified (signed) by the debtor.
- ☐ Has not been signed by an attorney of record in the attorney's individual name.
- ☐ Has not been signed by a party (or all parties).
- ☐ Each paper shall state the signer's address and phone number if any.
- ☑ Does not contain original hand-written signature(s) as required on pleadings filed on paper, copies of signatures do not comply.

    Attached herewith is a photocopy of the signature page of the deficient document identified herein. This deficiency may be cured by signing and returning this page to the Clerk along with this notice, or by appearing in the Office of the Clerk, locating the unsigned document, and effecting signature thereon at the time. Fed.R.B.P. 9011(a) further states that "[i]f a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required." Therefore,

    NOTICE IS HEREBY GIVEN that if the above-referenced deficiency is not cured on or before the date shown below, the Clerk shall recommend to the Court that this matter be stricken from the records of the Court.

Deficiency Cure Date: 11/28/09                FOR THE COURT:

                                              Bradford L. Bolton, Clerk


                                              S/ Raul Cosio
                                              Deputy Clerk

Claim should be allowed as an administrative expense claim in the amount of $6,081.24 for the value of the Grain received by the Debtor within twenty days before the Petition Date.

6. Administrative expense claims are entitled to priority status under 11 U.S.C. § 507(a)(2). Gavilon is entitled to immediate payment of the Claim.

WHEREFORE, Gavilon respectfully requests an order from this Court allowing it an administrative claim in the amount of $6,081.24 under § 503(b)(9); requiring the Debtor to make immediate payment of $6,081.24 to Gavilon in satisfaction of such administrative claim; and for such other and further relief as the Court deems just and proper.

DATED this 12th day of November, 2009.

Gavilon, LLC,

By: _____
Terence P. Boyle
Mark Apelman
Boyle/Apelman PC
1775 Sherman Street
Suite 1375
Denver, Colorado 80203
Telephone: (303) 863-8900
Fax: (303) 863-0063
Email: tboyle@ba-lawyers.com
mapelman@ba-lawyers.com

- and -

James G. Powers, NE #17780
Robert P. Diederich, NE #23393
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge Street
Omaha, NE 68102
Tel: (402) 341-3070
Fax: (402) 341-0216
jpowers@mcgrathnorth.com
rdiederich@mcgrathnorth.com

Gavilon, LLC,

By: _____
Terence P. Boyle
Mark Apelman
Boyle/Apelman PC
1775 Sherman Street
Suite 1375
Denver, CO 80203
Telephone: (303) 863-8900
Fax: (302) 863-0063
Email: tboyle@ba-laweyers.com

- and -

James G. Powers, NE #17780
Robert P. Diederich, NE #23393
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge Street
Omaha, NE  68102
Tel: (402) 341-3070
Fax: (402) 341-0216
jpowers@mcgrathnorth.com
rdiederich@mcgrathnorth.com

2